*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

BARBARA MARTIN,

        Plaintiff-Appellant,

v

NEW BALTIMORE CIVIC CLUB,

        Defendant-Appellee.

UNPUBLISHED
January 17, 2025
2:29 PM

No. 369962
Macomb Circuit Court
LC No. 2022-004350-NI

Before: RIORDAN, P.J., and O'BRIEN and GARRETT, JJ.

PER CURIAM.

In this premises liability action, plaintiff, Barbara Martin, asks us to reverse the trial court's grant of summary disposition to defendant, New Baltimore Civic Club, and its order of dismissal. We find no error requiring reversal and, therefore, we affirm.

## I. BACKGROUND

In June 2022, Martin attended a celebration of life event hosted at the Civic Club and, as she entered, her foot caught on a rug and she fell on the concrete floor. The host of the event, Karen Lietke, checked on Martin and later testified that she rolled up the rug to prevent any other guests from falling. Lietke described the rug as "disheveled," but did not notice that it had any obvious defects. When she fell, Martin broke her hip and required surgery. In November 2022, Martin filed a premises liability claim against the Civic Club, alleging that it failed to ensure that the property was free of any potentially dangerous, hazardous, or unsafe conditions.

In November 2023, the Civic Club filed a motion for summary disposition under MCR 2.116(C)(10) and argued that Martin failed to establish that the Civic Club knew or should have known about the allegedly hazardous condition before Martin's fall, or that it was negligent for failing to remove the rug. In response, Martin argued that photographs taken a year after her fall showed fraying on the rug and an open loop near its rubber edging. According to Martin, had the Civic Club inspected the rug, it would have seen that it was defective, but it failed to take reasonable steps to ensure the safety of invitees. In reply, the Civic Club asserted that Martin's claim was based on speculation and conjecture.

Following oral argument, the trial court granted the Civic Club's motion on the ground that Martin failed to establish that the Civic Club knew or should have known about a dangerous condition on its premises. The trial court ruled that it was not enough that Martin asserted that the Civic Club failed to reasonably inspect the rug. Further, the court stated that photographs taken a year after the incident did not establish the condition of the rug before the incident or that the Civic Club knew or should have known about its allegedly defective condition.

In February 2024, Martin filed a motion for reconsideration, but the trial court denied the motion on the ground that Martin presented the same issues on which the court already ruled. This appeal followed.

## II. SUMMARY DISPOSITION

Martin argues that the trial court erred when it granted the Civic Club's motion for summary disposition under MCR 2.116(C)(10) because there remains a genuine issue of material fact regarding whether the Civic Club had constructive notice of the hazardous rug. We disagree.

### A. STANDARD OF REVIEW

"A trial court's decision to grant or deny summary disposition is reviewed de novo." *Mr Sunshine v Delta College Bd of Trustees*, 343 Mich App 597, 601; 997 NW2d 755 (2022). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id*. (quotation marks and citation omitted). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue disposition upon which reasonable minds may differ." *West v General Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003).

The burden is on the moving party to submit evidence that " 'negates an essential element of the nonmoving party's claim,' or '[demonstrates] to the court that the nonmoving party's evidence is insufficient to establish an essential element of the . . . claim.' " *Lowrey v LMPS & LMPJ, Inc*, 500 Mich 1, 7; 890 NW2d 344 (2016), quoting *Quinto v Cross & Peters Co*, 451 Mich 358, 362; 547 NW2d 314 (1996). "The party opposing the motion must then establish by evidentiary materials that a genuine issue of disputed fact exists." *Albitus v Greektown Casino, LLC*, 339 Mich App 557, 562; 984 NW2d 511 (2021).

### B. LEGAL PRINCIPLES

To prevail in a premises liability claim, the plaintiff-invitee must show that the defendant premises owner breached a duty to the invitee and that the breach "constituted the proximate cause of damages suffered . . . ." *Albitus*, 339 Mich App at 562-563 (quotation marks and citation omitted). A premises owner breaches its duty when the owner knew or should have known of "a dangerous condition and fail[ed] to protect invitees via repair, warning, or other appropriate mitigation of the danger under the given circumstances." *Id*. at 563. "Thus, actual or constructive notice of the relevant dangerous condition is an essential element in establishing a premises liability claim." *Id*. Summary disposition is appropriate if the moving party can show that

evidence is insufficient to prove that the premises owner had actual or constructive notice of the hazardous condition. *Id.* at 563-564. "Constructive notice is present when the hazard was of such a character, or had existed for a sufficient time, that a reasonable premises possessor would have discovered it." *Id.* at 563 (citation and quotation marks omitted).

## C.  DISCUSSION

Martin argues that the trial court erred by failing to find that the photographs of the rug established a genuine issue of fact that the Civic Club had constructive notice that the rug was a hazardous condition. As discussed, the photographs show a portion of rubber edging on a rug that separated from the rug's foundation. Martin takes the position that this was evidence of wear that showed the defect existed for a long enough time that the Civic Club should have noticed it as a hazardous condition.

We are not persuaded by Martin's argument about the photographs because it is undisputed that they were taken a year after Martin fell, and no evidence showed that the rug in the photographs was the same rug that allegedly caused Martin's fall. For that reason, the photographs did not establish when the rug became a hazardous condition or that the hazard existed for a period of time or was of such a character that the Civic Club should have noticed it as a hazard. The photographs only show the condition of a rug at the time the photographs were taken, and it is speculation to infer from them when the rug allegedly became a hazard. No other evidence indicated that a defect existed before Martin fell, other than Martin's testimony that she believed her foot caught in a loop when she fell.

In *Lowrey*, our Supreme Court explained that, in motions for summary disposition, defendants are not required to go "beyond showing the insufficiency of plaintiff's evidence." *Lowrey*, 500 Mich at 9. In that case, Krystal Lowrey slipped on a step and fell down the stairs at a bar. *Id.* at 4. Although Lowrey did not see any water on the step when she fell, she believed a wet step caused the accident because "a person 'can't just slip on nothing.' " *Id.* No other patrons fell on the stairs that night, and Lowrey and her friends used the stairs several times throughout the evening. *Id.* The *Lowrey* Court made clear that a defendant does not need to present evidence of a routine or reasonable inspection of the premises to prove it lacked notice of a dangerous condition. *Id.* at 9-10. Instead, summary disposition is appropriate if a defendant demonstrates that the plaintiff failed to present sufficient evidence that the defendant knew or should have known about the hazardous condition "because of its character or the duration of its presence." *Id.* at 11.

Our Supreme Court ruled that Lowrey failed to present sufficient evidence of actual or constructive notice. *Id.* at 12. Lowrey did not see any water on the stairs when she was injured, the manager of the bar did not report any other injuries on the stairs that evening, and Lowrey did not present evidence that she or other patrons had concerns about wet stairs. *Id.* at 11. Further, no employees indicated that they knew about the allegedly hazardous condition before Lowrey fell, and, although an unidentified employee was allegedly nearby at the time of Lowrey's fall, this did not establish notice of a hazardous condition. *Id.* The Court further opined that Lowrey did not present evidence about when the hazard arose, that it existed for a sufficient time, and that it was of a character that the defendant should have noticed it. *Id.* at 11-12. The only evidence Lowrey

presented was that her pants were wet after her fall, which the Court opined "does not support any particular conclusion concerning the character of the condition." *Id.* at 12.

This case is similar to *Lowrey* because Martin merely speculates about how she fell and she failed to present evidence that the Civic Club knew or should have known about a hazardous condition. As discussed, the photographs merely show the condition of a rug at the time the photographs were taken a year after the incident. Further, Martin presented no evidence from any representatives, agents, employees, or contractors of the Civic Club to show the condition of the rug before her fall or that the rug was in a hazardous condition for such a length of time that a reasonable premises owner would have discovered it. No other attendees at the event fell on the rug, and the only other witness, Lietke, stated that she did not see any defects on the rug. Lietke also testified that she did not believe that the rug was dangerous or unsafe before Martin's fall.

Martin contends that, had the trial court viewed the evidence in the light most favorable to her as the nonmoving party, it would have found that she established a genuine issue of material fact. Although Martin is correct that a trial court must view the evidence submitted "in the light most favorable to the party opposing the motion" under MCR 2.116(G)(5), the trial court complied with the rule.

Martin maintains that the Civic Club and the trial court mischaracterized Lietke's testimony to conclude that the rug was not defective when Martin fell. She also claims that Lietke's testimony was ambiguous, she only provided information about what she observed following Martin's fall, and her testimony did not support the notion that she had any knowledge about the rug. Martin further asserts that the trial court should have disregarded Lietke's testimony because the photographs contradicted her testimony.

Viewing the evidence in the light most favorable to Martin, she did not establish a genuine issue of material fact to support her claims against the Civic Club. Contrary to Martin's assertions, in her deposition, Lietke confirmed that she did not notice any defects in the rug, not that a defect did not exist. This was consistent with Martin's testimony that she did not notice the rug before her fall or any defect in its condition. Neither witness testified about what the Civic Club knew or should have known about a hazardous condition because neither observed any issues with the rug before Martin fell. No other evidence addressed the alleged defect at the time of the incident and, as discussed, the photographs failed to do so because no evidence established that the photographed rug was the one involved in Martin's fall. Even assuming Martin made that showing, the photographs were taken a year after Martin's fall and, therefore, did not establish the condition of the rug before or at the time of the incident.

For the reasons stated, Martin failed to present evidence to show a genuine issue of material fact that the Civic Club knew or should have known about a hazardous condition, and the trial court correctly granted summary disposition to the Civic Club.

Affirmed.

/s/ Michael J. Riordan
/s/ Colleen A. O'Brien
/s/ Kristina Robinson Garrett

-4-